**Hylda J. BEVANS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3162.

United States Court of Appeals, Federal Circuit.

July 18, 2001.

Before MAYER, Chief Judge,
PAULINE NEWMAN and MICHEL,
Circuit Judges.

PER CURIAM.

Hylda J. Bevans petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY0831990465–I–2, affirming the decision of the Office of Personnel Management that she is not entitled to a former spouse survivor annuity under the Civil Service Retirement System. We *affirm* the decision of the Board.

*Background*

Petitioner and Mr. Bevans were married in 1961 and divorced in 1987. Mr. And Mrs. Bevans entered a property settlement agreement wherein she waived any entitlement she might have to Mr. Bevans' retirement benefits in exchange for a lump sum payment from Mr. Bevans at the time of the divorce and monthly payments during his retirement. Mr. Bevans retired from employment with the Immigration and Naturalization Service in 1992 and died in 1998. At the time of retirement Mr. Bevans elected to receive the entirety of his retirement payments, and made no provision for a portion of the payments or a survivor annuity to be paid to Mrs. Bevans.

After Mr. Bevans' death, Mrs. Bevans applied for a survivor annuity from OPM. When that request was denied, she appealed to the Board. The Board found that Mrs. Bevans would only have been entitled to a survivor annuity if Mr. Bevans had elected to so provide at the time of his retirement, or if the divorce decree so provided. Since Mr. Bevans did not elect a survivor annuity when he retired and Mrs. Bevans waived any right she might have to his retirement benefits at the time of their divorce, the Board affirmed OPM's decision. This petition followed.

*Discussion*

■ The laws and regulations in effect at the time of Mr. Bevans' retirement provide for a survivor annuity to a former spouse only if the employee elects to provide one at the time of retirement, or if a survivor annuity is ordered as part of the divorce decree. Mrs. Bevans does not allege that she meets either of these requirements.

Mrs. Bevans explains the abuses experienced during her marriage to Mr. Bevans, and states that she was intimidated and overwhelmed at the divorce proceedings and was not aware of the significance of many of the documents she was signing. Mrs. Bevans points out that Mr. Bevans made no provision for her support following his death, and argues that she is entitled to survivor benefits.

■ We deplore the abuses described by Mrs. Bevans. However, the courts are prohibited by law from awarding government benefits unless there is statutory entitlement to those benefits. *See OPM v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) ("Money may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.")

We discern no error in the Board's ruling that Mrs. Bevans does not meet the statutory requirements for receipt of a survivor annuity. That decision must be affirmed.

No costs.